**KOLLER LAW LLC**
David M. Koller, Esq. (Pa 90119)
Jordan D. Santo, Esq. (Pa 320573)                                    *Counsel for Plaintiff*
2043 Locust Street, Suite 1B
Philadelphia, PA 19103
T: (215) 545-8917
F: (215) 575-0826
davidk@kollerlawfirm.com
jordans@kollerlawfirm.com

### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **SHERRI CAIN-WILLIAMS,** | : | Civil Action No. 26-5538 |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **Complaint and Jury Demand** |
| | : | |
| **DOLLAR TREE STORES, INC.,** | : | |
| **Defendant.** | : | |

### CIVIL ACTION

Plaintiff, Sherri Cain-Williams (hereinafter "Plaintiff"), by and through her attorney, Koller Law, LLC, bring this civil matter against Dollar Tree Stores, Inc. (hereinafter "Defendant"), for violations of Title VII of the Civil Rights Act of 1964, as amended ("Title VII") and the Pennsylvania Human Relations Act ("PHRA"). In support thereof, Plaintiff avers as follows:

### THE PARTIES

1. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

2. Plaintiff is an adult individual residing in Allentown, PA.

3. Upon information and belief, Defendant Dollar Tree Stores, Inc. is a retail store chain with a location at 6900 Hamilton Boulevard, Suite 220, Trexlertown, PA 18087 and corporate headquarters at 500 Volvo Parkway, Chesapeake, VA 23320.

4. At all times relevant hereto, Defendant employed managers, supervisors, agents, and

employees who Plaintiff alleges had the authority to make decisions concerning Plaintiff's employment. In making said decisions, these individuals engaged in the pattern and practice of discriminatory treatment, which forms the basis of Plaintiff's allegations in the instant Complaint.

5. At all times relevant hereto, Defendant employed managers, supervisors, agents, and employees who acted directly or indirectly in the interest of the employer. In so acting, these individuals engaged in the pattern and practice of discriminatory treatment, which forms the basis of Plaintiff's allegations in the instant Complaint.

**JURISDICTION AND VENUE**

6. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

7. The Court may properly maintain personal jurisdiction over Defendant because the Defendant's contacts with this state and this judicial district are sufficient for the exercise of jurisdiction and comply with traditional notions of fair play and substantial justice, thus satisfying the standard set forth by the United States Supreme Court in International Shoe Co. v. Washington, 326 U.S. 310 (1945) and its progeny.

8. The Court may exercise original subject-matter jurisdiction over the instant action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) because it arises under the laws of the United States and seeks redress for violations of federal law.

9. The Court may also maintain supplemental jurisdiction over state law claims set forth herein pursuant to 28 U.S.C. § 1367(a) and Rule 18(a) of the Federal Rules of Civil Procedure because they are sufficiently related to one or more claims within the Court's original jurisdiction that they form part of the same case or controversy.

10. Venue is properly laid in the Eastern District of Pennsylvania pursuant to 28 U.S.C. §§

1391(b)(1) and 1391(b)(2) because Plaintiff resides in this judicial district, the Defendant operates in this judicial district and because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

11. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

12. Plaintiff exhausted her administrative remedies under Title VII and the PHRA.

13. Plaintiff timely filed a Charge of Discrimination ("Charge") with the U.S. Equal Employment Opportunity Commission ("EEOC"), digitally signed on July 11, 2025, alleging race discrimination and retaliation against Defendant.

14. The Charge was assigned a Charge Number 530-2025-07948 and was dual filed with the Pennsylvania Human Relations Commission ("PHRC").

15. The EEOC issued Plaintiff a Dismissal and Notice of Rights ("Right to Sue") via request relative to the Charge and that Notice is dated May 6, 2026.

16. Prior to the filing of this action, Plaintiff notified the EEOC of her intent to proceed with a lawsuit in federal court.

17. Plaintiff files the instant Complaint within ninety (90) days of her receipt of her Right to Sue in this matter, as it relates to her federal law claims, and within two (2) years of the issuance of the Right to Sue in this matter as it relates to her PHRA claims.

18. Plaintiff has exhausted her administrative remedies as to the allegations of this Complaint.

## MATERIAL FACTS

## PLAINTIFF'S EMPLOYMENT HISTORY

19. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

20. Plaintiff is African American.

21. On or about September 8, 2024, Defendant hired Plaintiff in the position of Assistant Store Manager.

22. Plaintiff was well qualified for her position and performed well.

23. Plaintiff was the only African American member of management at her store location at Defendant.

## DEFENDANT PAID PLAINTIFF LESS THAN WHAT SHE WAS TOLD AT THE TIME OF HER HIRE

24. When Plaintiff first started her employment with Defendant, Lonna Deschler (Caucasian), Store Manager, told Plaintiff that she would be paid $15 per hour.

25. However, after her first week at Defendant, Deschler paid Plaintiff a pay rate of $14.50 per hour.

## DESCHLER NITPICKED PLAINTIFF'S WORK PRODUCT AND MICROMANAGED HER

26. Further, Deschler constantly watched over Plaintiff at Defendant.

27. Deschler micromanaged Plaintiff's work and nitpicked her work performance.

28. Deschler frequently made off-handed comments about how Plaintiff performed her job duties.

29. Deschler did not do the same for Plaintiff's Caucasian counterparts.

## DESCHLER AND OTHER MEMBERS OF MANAGEMENT WATCHED PLAINTIFF ON THE SECURITY CAMERAS

30. In fact, in or around November 2024, Plaintiff walked in on Deschler, Ashley Shoemaker (Caucasian), Assistant General Manager, and Rose Homan (Caucasian), Manager, watching video footage of Plaintiff working at Defendant in Defendant's back office.

4

## DESCHLER ASSIGNED A MANAGER TO MONITOR PLAINTIFF ON THE SURVEILLANCE CAMERAS

31. In addition, Deschler assigned Stacy Mohr, Manager, to monitor Plaintiff on the surveillance cameras.

32. Importantly, Deschler did not assign Mohr to monitor Plaintiff's Caucasian counterparts on the surveillance cameras.

## PLAINTIFF TOOK CHOCOLATES AND A PICTURE FRAME THAT WERE OFFERED TO HER BY SHOEMAKER AS THEY WOULD BE THROWN OUT OTHERWISE

33. On or about January 8, 2025, Shoemaker offered Defendant's employees a box of chocolates and a picture frame that were going to be thrown out at Defendant.

34. None of the other employees wanted the chocolate or picture frame, so Plaintiff took the box of chocolates and picture frame home.

35. Importantly, Deschler was on vacation at the time.

## DESCHLER REVIEWED THE SURVEILLANCE FOOTAGE AND SAW PLAINTIFF TAKE THE CHOCOLATES AND PICTURE FRAME

36. On or about January 15, 2025, Deschler returned to work from her vacation.

37. Immediately upon her return, Deschler accused Plaintiff of stealing the box of chocolates and picture frame from Defendant.

38. Defendant did not ask Plaintiff or any other coworkers if they were offered the chocolate and picture frame.

## PLAINTIFF SPOKE TO ASSET PROTECTION ABOUT THE SITUATION

39. Later that same day, Russell Missmer, Regional Asset Protection Manager, called Plaintiff about the situation.

40. Plaintiff explained to Missmer what had happened.

5

## PLAINTIFF REPORTED DESCHLER'S RACE DISCRIMINATION AND REQUESTED A TRANSFER

41. On or about January 17, 2025, Plaintiff called Human Resources and requested that she be transferred to a different location so that she did not have to work with Deschler due to what she perceived to be ongoing race discrimination.

42. The Human Resources Representative informed Plaintiff that she would look into a transfer for Plaintiff.

## DEFENDANT REMOVED PLAINTIFF FROM THE SCHEDULE

43. Despite this, on or about January 19, 2025, Defendant completely removed Plaintiff from the schedule at Defendant.

## THE STORE MANAGER OF THE QUAKERTOWN LOCATION OFFERED TO TRANSFER PLAINTIFF, BUT DESCHLER REFUSED TO SUBMIT THE REQUIRED PAPERWORK

44. Shortly thereafter, the Store Manager at the Quakertown, PA location (name unknown), told Plaintiff that she could transfer to the Quakertown, PA location.

45. However, Deschler refused to submit the paperwork for Plaintiff to be transferred.

## DEFENDANT TERMINATED PLAINTIFF

46. Subsequently, Deschler removed Plaintiff's employee ID number, effectively terminating Plaintiff.

47. The next day, on or about January 20, 2025, Plaintiff called Harry Mackey (Caucasian), District Manager, to discuss the situation.

48. However, Mackey refused to discuss the situation with Plaintiff.

49. Mackey informed Plaintiff that she would have to call Defendant's corporate office.

50. Plaintiff followed Mackey's instructions, but the Corporate Representative (name unknown) upheld her termination.

6

51. Upon information and belief, Defendant replaced Plaintiff with Ryan LNU (Caucasian), Assistant Store Manager, at Defendant's Trexlertown location.

52. Defendant discriminated against Plaintiff due to her race and retaliated against her in violation of Title VII and the PHRA.

53. Defendant's acts and/or omissions were willful or performed with reckless disregard to Plaintiff's federal statutorily protected rights.

## COUNT I – RACE DISCRIMINATION
## TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED

54. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

55. Plaintiff is a member of protected classes in that she is African American.

56. Plaintiff was qualified to perform the job for which she was hired.

57. Plaintiff suffered adverse job actions, including, but not limited to termination.

58. Similarly situated people outside of Plaintiff's protected class were treated more favorably than Plaintiff.

59. Circumstances exist related to the above cited adverse employment actions that give rise to an inference of discrimination.

60. Defendant discriminated against Plaintiff on the basis of her protected class.

61. No legitimate, non-discriminatory reasons exist for the above cited adverse employment actions that Plaintiff suffered.

62. The reasons cited by Defendant for the above cited adverse employment actions that Plaintiff suffered are pretext for discrimination.

63. Defendant's conduct was willful or performed with reckless disregard to her federal statutory rights.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

**COUNT II – DISCRIMINATION BASED ON RACE**
**PENNSYLVANIA HUMAN RELATIONS ACT**

64. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

65. The foregoing conduct by Defendant constitutes unlawful discrimination against Plaintiff on the basis of her protected class (African American).

66. As a result of Defendant's unlawful discrimination, Plaintiff has suffered damages as set forth herein.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

**COUNT III – RETALIATION**
**TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED**

67. Plaintiff incorporates by reference each allegation contained in the preceding paragraphs as if the same were set forth more fully at length herein.

68. Plaintiff engaged in activity protected by Title VII.

69. Thereafter, Defendant took adverse employment actions against Plaintiff, including, but not limited to, termination.

70. There exists a causal connection between Plaintiff's participation in the protected activity and the adverse employment action.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra.*

## COUNT IV – RETALIATION
## PENNSYLVANIA HUMAN RELATIONS ACT

71. Plaintiff incorporates by reference each allegation contained in the preceding paragraphs as if the same were set forth more fully at length herein.

72. Plaintiff engaged in activity protected by PHRA.

73. Thereafter, Defendant took adverse employment actions against Plaintiff, including, but not limited to, termination.

74. There exists a causal connection between Plaintiff's participation in the protected activity and the adverse employment action.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra.*

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, Sherri Cain-Williams, requests that the Court grant her the following relief against Defendant:

(a)     Damages for past and future wage loss;

(b)     Compensatory damages for other economic and non-economic harm including, *inter alia*, mental anguish and/or emotional distress;

(c)     Punitive damages;

(d)     Reasonable attorneys' fees;

(e)     Recoverable costs;

(f)     Pre and post judgment interest;

(g)     An allowance to compensate for negative tax consequences to account for a lump sum award in a single tax year;

(h)     Order Defendant to remove and expunge, or to cause to be removed and expunged, all negative, discriminatory, and/or defamatory memoranda and documentation from Plaintiff's record of employment, including, but not limited, the pre-textual

9

reasons cited for its adverse actions, disciplines, and termination; and

(i)    Awarding extraordinary, equitable and/or injunctive relief as permitted by law, equity and the statutory provisions sued hereunder, pursuant to Rules 64 and 65 of the Federal Rules of Civil Procedure.

## JURY TRIAL DEMAND

Demand is hereby made for a trial by jury as to all issues.

## CERTIFICATION

I hereby certify that to the best of my knowledge and belief the above matter in controversy is not the subject of any other action pending in any court or of a pending arbitration proceeding, nor at the present time is any other action or arbitration proceeding contemplated.


RESPECTFULLY SUBMITTED,

KOLLER LAW, LLC


Date: August 4, 2026          By:    */s/David M. Koller*
                                     David M. Koller, Esquire
                                     Jordan D. Santo, Esquire
                                     2043 Locust Street, Suite 1B
                                     Philadelphia, PA 19103
                                     215-545-8917
                                     davidk@kollerlawfirm.com
                                     jordans@kollerlawfirm.com

                                     *Counsel for Plaintiff*

10